T.C. Memo. 1999-341


UNITED STATES TAX COURT


JOHN L. SULLIVAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7933-98.                    Filed October 12, 1999.


<u>Charles J. Reilly</u>, for petitioner.

<u>Robert E. Marum</u>, for respondent.


MEMORANDUM OPINION


JACOBS, <u>Judge</u>: Respondent determined a $72,600.30 deficiency, a $17,565.58 addition to tax under section 6651(a)(1), and a $4,734.19 addition to tax under section 6654 with respect to petitioner's 1989 Federal income tax. Respondent now concedes that

petitioner is not liable for the addition to tax under either section 6651(a) or 6654.

Following other concessions, the issues for decision are: (1) Whether interest received as part of a personal injury award is includable in petitioner's gross income for 1989; and if so, (2) the amount of interest allocable to petitioner; and (3) the amount of the Schedule A deduction for legal fees incurred in receiving the interest.

All section references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

This case was submitted fully stipulated under Rule 122. The stipulations of facts and the exhibits submitted therewith are incorporated herein by this reference.

Petitioner resided in Warwick, Rhode Island, at the time he filed his petition in this case. Petitioner computed his income and expenses under the cash receipts and expenditures method of accounting.

Petitioner (hereinafter sometimes referred to as Mr. Sullivan) and Becky Lusignan (Mrs. Sullivan) were married on March 5, 1977; they had three children. Mr. and Mrs. Sullivan were divorced on August 8, 1990.

Personal Injury Judgment

During 1987, Mr. Sullivan was employed by Counsel Tech, a heating and ventilation contractor. On January 15, 1987, petitioner was assigned by his employer to repair heating equipment at a Wendy's restaurant owned by South Isle Food Corp. (South Isle). While making repairs on the roof, he fell off a ladder, sustaining severe neck injuries.

In October 1987, Mr. and Mrs. Sullivan, both individually and on behalf of their three children, instituted a suit against South Isle in the U.S. District Court for the District of Rhode Island. The complaint contained three counts: One for negligence, a second for infliction of emotional distress, and a third for loss of consortium. The plaintiffs sought $7 million in damages with interest, court costs, and attorney's fees; none of the counts stated a specific monetary damage amount.

On November 10, 1988, the jury awarded damages of $1,256,150. Mr. Sullivan was determined to be 25 percent at fault because of his contributory negligence; consequently, the damage award was reduced to $942,112.50. The jury did not allocate the damage award among the three counts. A judgment was entered on November 14, 1988, and an amended judgment was subsequently entered on December 21, 1988. The amended judgment was for "the plaintiff, John L. Sullivan in the amount of $942,112.50 plus interest computed at 12% from 1/15/87 to 11/10/88 in the amount of $210,623.20, plus costs

in the amount of $2,816.92." On July 24, 1989, the U.S. Court of Appeals for the First Circuit affirmed the amended judgment. On August 18, 1989, a writ of execution was issued for $1,241,739.29, plus costs of $2,816.92, plus additional interest of $309.74 for each day after August 16, 1989, that the judgment award was not satisfied.

Other Events

At an unspecified time in early 1989, Mrs. Sullivan filed for divorce in the family court for Kent County, Rhode Island (family court). During the dissolution of his marriage, Mr. Sullivan attempted suicide. On May 25, 1989, Mrs. Sullivan, through her attorney, Robert F. DiPippo (Mr. DiPippo), filed an ex parte motion for the appointment of a guardian ad litem for Mr. Sullivan. In that motion, Mrs. Sullivan stated that Mr. Sullivan had obtained a judgment of over $1 million in the U.S. District Court for the District of Rhode Island on November 10, 1988, and that the judgment was properly part of the marital estate, subject to the Rhode Island general laws relating to equitable distribution. The motion further stated that "this Judgment is presently being jeopardized by the actions of the Defendant, John L. Sullivan, who has threatened to settle this Judgment for $75,000.00" and that "any attempt by the Defendant in the instant Divorce Action, to diminish the amount of recovery in the Federal Court Case would be a fraud on the Plaintiff, Becky L. Sullivan, and on the family

court which has jurisdiction over the marital assets." On the same day (May 25, 1989), the family court entered a Consent Order, appointing Richard MacAdams (Mr. MacAdams) as Mr. Sullivan's guardian ad litem and restraining Mr. Sullivan from negotiating or attempting to negotiate with South Isle or its insurance company.

Issuance of Judgment Proceeds

On November 1, 1989, Messrs. MacAdams, Thomas Tarro III (Mr. Tarro), and Leo Dailey (Mr. Dailey)[1] held a conference call to discuss steps to be taken following receipt of the judgment award. They agreed that the settlement proceeds would be deposited in a daily interest-bearing account in the names of Messrs. Tarro and MacAdams at the Rhode Island Central Credit Union (Credit Union). The settlement proceeds would be available at the offices of Richard Van Tienhoven (Mr. Van Tienhoven), the attorney for South Isle, on November 6, 1989, and would include interest through that date.

On November 2, 1989, Continental Insurance Co. (Continental), the insurance carrier for South Isle, issued a check for $1,248,778.12, in satisfaction of the judgment. The check was made payable to "John L. Sullivan, Richard MacAdams, Guardian-ad-Litem, and Thomas Tarro III, His Attorney." The check represented

---

[1] Mr. Tarro was one of Mr. Sullivan's attorneys in the personal injury action filed in U.S. District Court. Mr. Dailey represented Mr. Sullivan in his divorce action.

$942,112.50 in principal, $2,816.92 in costs, and $303,848.70 in interest.  (It is the $303,848.70 in interest that is the subject matter of this proceeding.)

On November 6, 1989, Messrs. Sullivan, MacAdams, and Tarro went to Mr. Van Tienhoven's office to receive the check and sign documents to be filed with the U.S. District Court indicating that the judgment had been satisfied in full.  Mr. Sullivan refused to endorse the check unless his name was on the Credit Union account.  Mr. MacAdams told Mr. Sullivan that because he was Mr. Sullivan's guardian, it was inappropriate and unnecessary for Mr. Sullivan's name to be on the account.  Mr. MacAdams informed Mr. Sullivan that the latter's refusal to sign the check would prevent the check from being deposited.

On November 8, 1989, Mr. MacAdams filed a motion for instructions with the family court.  Thereafter, and before any action by the family court, Mr. Sullivan endorsed the check.  Following Mr. Sullivan's endorsement of the check, a meeting was held at the Credit Union.  The proceeds of the Continental check were later disbursed as follows:

| | |
|---|---|
| American Universal (Worker's compensation) | $41,958.53 |
| Attorney Valletta (fees) | 214,108.94 |
| Attorney Tarro (fees) | 214,113.94 |
| Attorneys Tarro, Valletta, DiPippo and Dailey (disputed fees) | [1]84,399.37 |

| | |
|---|---:|
| Dailey/DiPippo | [2]347,091.18 |
| DiPippo/Dailey | $347,091.18 |
| DiPippo/Dailey | 5.00 |
| Valletta | 5.00 |
| Dailey/DiPippo | 5.00 |
| Total | [3]1,248,778.14 |

[1]  A dispute arose between Mr. Sullivan and Messrs. Tarro and Valletta (the attorneys involved in the personal injury suit) as to whether the attorney's fees should be 33-1/3 percent or 40 percent of the judgment award.

[2]  Mr. DiPippo represented Mrs. Sullivan, and Mr. Dailey represented Mr. Sullivan in their divorce proceeding.

[3]  Continental's check was in the amount of $1,248,778.12. The record does not explain the discrepancy.

On November 14, 1989, the family court issued an order which, in relevant part, provided:

2.  The Guardian-ad-Litem is authorized to endorse the Check and to permit the following disbursements therefrom:

a.  A one-third contingent fee of the gross amount of the Check to Attorneys Thomas Tarro, III, and David Valletta;

b.  Payment of the expenses incurred in prosecution of the matter involving South Isle Food Corp., copies of which are attached to the Motion as Exhibits E and F with the exception of $1,147.50 payable to Vincent Ragosta, Esq. and, in addition thereto, payment of expenses in the amount of $80.10 incurred in the appeal of the matter of South Isle Food Corp.;

c.  Payment of a Worker's Compensation lien of American Universal in accordance with the agreement heretofore reached by Attorney Tarro with American Universal concerning said lien;

3.    There being a dispute as to whether Attorneys Tarro and Valletta are entitled to a forty (40) percent contingent fee of the gross amount of the Check, the difference between the one-third fee authorized herein and the 40 percent fee shall be placed in an interest bearing account, along with an additional $1,147.50 representing the disputed fee of Vincent Ragosta, Esq. The account shall be in the joint names of Attorneys Tarro, Valletta, Robert DiPippo and Leo Dailey with payments to be made as appropriate following the final resolution of those matters;

4.    The balance of the proceeds after the deduction of the aforesaid amounts shall be paid to Robert DiPippo, Esq. and Leo Dailey, Esq. jointly to be held by them in an interest bearing clients' account or accounts as they shall deem proper for the benefit of the parties herein;

5.    The motion of the Guardian-ad-Litem for termination of his guardianship of John L. Sullivan and for his discharge as Guardian-ad-Litem is granted;

6.    The Guardian-ad-Litem is authorized to file a request for payment for service rendered and expenses incurred in the discharge of the performance of his duties as Guardian-ad-Litem.

On March 19, 1990, Mr. Sullivan received a $7,500 payment; on August 10, 1990, he received a $366,156 payment.  Mrs. Sullivan was paid $200,000 according to the terms of a property settlement agreement dated August 1, 1990, which was incorporated into the terms of a divorce decree dated August 8, 1990.

Neither Mr. nor Mrs. Sullivan filed a tax return for 1989. Mr. Sullivan filed a delinquent income tax return for 1990, reporting interest income from Wendy's/Commercial (sic) Insurance of $151,925 and deducting $50,638 in legal fees incurred in receiving this income.

On March 16, 1995, respondent issued a notice of deficiency to Mr. Sullivan, determining that he had additional interest income in 1990 of $151,844 from the personal injury settlement. Mr. Sullivan filed a petition with this Court contesting that determination. That case was resolved following a concession by respondent that the interest was not includable in the gross income of Mr. Sullivan for 1990.

In the notice of deficiency giving rise to this case, dated February 20, 1998, respondent determined that Mr. Sullivan had $303,848.70 in unreported interest income from the satisfaction of the personal injury judgment, and $21,853 in salary income and $12 in dividend income from McDonald's Corp. (Respondent now concedes that Mr. Sullivan did not have salary or dividend income from McDonald's Corp. for 1989.) Respondent further determined that Mr. Sullivan was entitled to a Schedule A miscellaneous itemized deduction in the amount of $101,276 for attorney's fees incurred in connection with earning the interest income.

Discussion

The dispute in this case involves the year in which petitioner must report as income interest received on a judgment award and the amount thereof. Petitioner argues that: (1) Because his receipt of the judgment award was subject to substantial restrictions, he did not have actual or constructive receipt of the interest in 1989, as respondent claims; and (2) the amount of interest he

received was substantially less than that determined by respondent. For the reasons hereinafter stated, we sustain respondent's determinations.

We first decide the amount of the judgment award, and accompanying interest, allocable to petitioner. In this respect, the record is devoid of any indication as to how the judgment award is to be allocated among the various plaintiffs in the suit against South Isle. Respondent determined that the judgment was awarded solely to Mr. Sullivan, and consequently, the interest accompanying that award is taxable solely to him. Because of petitioner's failure to satisfy his burden of proving otherwise, we accept respondent's determination in this regard. See Rule 142(a); Sodoma v. Commissioner, T.C. Memo. 1996-275, affd. 139 F.3d 899 (5th Cir. 1998).

Petitioner maintains that because Mrs. Sullivan ultimately received approximately one-third of the net amount of the personal injury award, one-third of the interest should not be taxable to him. We disagree. Mrs. Sullivan received a payment of $200,000 not as a party to the suit against South Isle but as her share of the marital estate. Accordingly, her entitlement to the $200,000 arises from an event separate from the satisfaction of the judgment against South Isle. Now we turn our attention to deciding the year in which the interest is includable in petitioner's gross income.

A taxpayer reporting income on the cash method of accounting, such as petitioner, must include all income items in gross income for the taxable year in which the item is actually or constructively received. See sec. 451(a); Ames v. Commissioner, 112 T.C. 304 (1999); sec. 1.451-1(a), Income Tax Regs. Income is considered to be constructively received in the taxable year during which it is credited to the taxpayer's account, set apart for him, or otherwise made available so that he may draw upon it at any time. See sec. 1.451-2(a), Income Tax Regs. However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions. See id.

In the instant case, the check for the award and interest was received on November 6, 1989, by petitioner, his guardian ad litem, and his attorney. At that time, petitioner was legally entitled to both the judgment award and interest. Shortly thereafter petitioner endorsed the check. The placing of the proceeds of Continental's check into escrow accounts does not alter petitioner's entitlement to the check for the proceeds, which he received and endorsed in 1989. Rather, the placing of the proceeds in escrow was to secure payment of petitioner's obligations.

The constructive receipt doctrine is concerned with the receipt of the proceeds from the payor, not the subsequent disposition of the proceeds by the payee. In the instant case, the escrow accounts only limited petitioner's disposition of the

proceeds. Therefore, although the placing of the check proceeds into escrow accounts pending resolution of disputes over the amount of attorney's fees and the amount of Mrs. Sullivan's share of the marital estate was a substantial restriction over petitioner's ultimate disposition of the judgment proceeds, these restrictions did not limit petitioner's legal entitlement to the judgment award and interest in 1989. Because he received and endorsed the check for the judgment with interest in 1989, that is the year in which petitioner must report the entire amount of interest.

Respondent determined that petitioner was entitled to a Schedule A deduction in the amount of $101,276 for attorney's fees incurred in connection with earning the interest. The $101,276 is approximately one-third of the amount of the interest. Petitioner maintains that he should have received a deduction for attorney's fees of 40 percent rather than 33-1/3 percent. Again, we disagree with petitioner. During 1989, petitioner disputed the amount of legal fees to be paid to Messrs. Valletta and Tarro. There is no evidence in the record establishing that the legal fees were ever more than 33-1/3 percent. Consequently, petitioner is not entitled to a Schedule A deduction for attorney's fees in an amount greater than that allowed by respondent.

In reaching our conclusions herein, we have considered all other arguments presented by petitioner and, to the extent not discussed above, find them to be irrelevant or without merit.

To reflect the foregoing and respondent's concessions,

<u>Decision will be</u>

<u>entered under Rule 155</u>.